Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5409 | **DATE** | 7/15/2002 |
| **CASE TITLE** | TAMMY NEWSOME vs. U.S.A., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants the government's motion to dismiss for lack of jurisdiction and denies as moot its motion in the alternative to dismiss for failure to state a claim [7-1]. The United States is hereby terminated as a party. Defendant Mark Lynn is given to and including 8/5/02 in which to answer the complaint. Status hearing set for 8/14/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 16 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 JUL 15 PM 4:27 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| TAMMY NEWSOME, | ) | | |
| | ) | | |
| Plaintiff, | ) | Judge Ronald A. Guzmán | DOCKETED |
| | ) | | |
| v. | ) | 01 C 5409 | JUL 1 6 2002 |
| | ) | | |
| UNITED STATES OF AMERICA, and | ) | | |
| MARK LYNN, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tammy Newsome ("Newsome") has sued Mark Lynn and the United States of America ("government") for invasion of privacy, negligence, failure to supervise, and breach of fiduciary duty in relation to Lynn's installing a camera in the women's restroom in the facilities of the 126th Civil Engineering Squadron. Before the Court is the government's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)1 and 12(b)(6). Defendant Mark Lynn has not joined the motion. For reasons stated below, the Court grants the government's motion to dismiss for lack of jurisdiction and denies as moot its motion in the alternative to dismiss for failure to state a claim.

### Facts

Plaintiff Tammy Newsome was a Staff Sergeant in the Illinois Air National Guard in the 126th Engineering Squadron ("Squadron") under the command of Major Mark Lynn. (Compl. ¶ 3.) In August 1996, Lynn allegedly installed a video camera in the women's restroom and

subsequently spied on women under his command while they disrobed and relieved themselves. (*Id.* ¶ 11(a).)

Newsome filed an administrative claim with the Air Force dated June 16, 1997, within two years of the accrual of her claim. The Air Force sent notice of its denial to plaintiff's attorney by certified United States mail, which was received on February 10, 1998. (*Id.* ¶ 7; Government's Reply Br., Ex. B, Letter of 2/10/1998 & Receipt for Certified Mail.)

On August 10, 1998, Newsome filed an action, case no. 98 C 4929, against the United States and the Illinois Air National Guard for negligence for their failure to supervise Lynn. On January 11, 2001, pursuant to Federal Rule of Civil Procedure 41, the suit was voluntarily dismissed by Newsome.

On July 13, 2001, Newsome filed the instant complaint against the United States and Lynn. The government has moved to dismiss the action because Newsome has not satisfied the statute of limitations requirements under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

## Discussion

The government has moved to dismiss Newsome's tort claims for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If defendant makes a facial attack, the "allegations are taken as true and construed in a light most favorable to the complainant." *Id.* "If the Rule 12(b)(1)

2

motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Id.* When making a factual attack, "the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Id.* (citations omitted). "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Board of Trustees of Pipe Fitters' Welfare Fund Local 597 v. Adams*, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

The government denies and controverts Newsome's allegations of jurisdiction. Thus, the government challenges the factual basis for the court's subject matter jurisdiction. The Court begins with the precept that "[a] litigant who wants money from the Treasury needs two things: a grant of jurisdiction, and a waiver of sovereign immunity." *Kanar v. United States*, 118 F.3d 527, 529 (7th Cir. 1997). With regard to the former requirement, 28 U.S.C. § 1346(b)(1) creates subject matter jurisdiction to decide cases under the FTCA. *Id.* at 530. With regard to the latter requirement, 28 U.S.C. § 2674 provides a waiver of sovereign immunity, subject to, of course, the limitations provided in 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b), which have been enforced by courts utilizing a more casual use of the term "jurisdiction."[1] *Id.*

Whether Newsome has satisfied the section 2675(a) prerequisite is not at issue. Thus, the question before the Court is: has Newsome satisfied section 2401(b)'s statute of limitations such that there has been a waiver of sovereign immunity in this particular case? Before answering

---

[1]Although Newsome argues that 28 U.S.C. § 2401(a) provides the statute of limitations for her claims, the Court disagrees. It is clear from the complaint that her claims against the United States are tort claims, and the plain language of 28 U.S.C. § 2401(b) provides that said subsection applies to a "tort claim against the United States." *See United States v. Devitt*, 499 F.2d 135, 139 (7th Cir. 1974) ("a statute aimed at specific conduct prevails over an otherwise applicable general statute").

3

this question, the Court notes that "in construing the [FTCA's] statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). However, we should not "assume the authority to narrow the waiver that Congress intended." *Id.* at 118.

Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or* unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). "Failure to file within six months of the denial divests the federal district court of jurisdiction." *Charlton v. United States*, 743 F.2d 557, 557 (7th Cir. 1984).

In support of its motion to dismiss, the government does not dispute that Newsome presented her tort claim in writing to the Air Force within two years after her claim accrued. However, it argues that the instant suit is untimely because Newsome failed to begin her action within six months after February 10, 1998, the date on which she received notice of the Air Force's denial of her claim.

The government's argument hinges on reading section 2401(b)'s requirements in the conjunctive, rather than the disjunctive.[2] It would seem, however, that section 2401(b)'s plain and unambiguous statutory language would require them to be read in the disjunctive. One would think that if Congress had meant section 2401(b)'s requirements to be read in the conjunctive, it would have written an "and" instead of an "or" between the two requirements.

---

[2]This argument has been raised and accepted by other appellate courts. *See, e.g., Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983); *Schuler v. United States*, 628 F.2d 199, 202 (D.C. Cir. 1980).

4

This Court is ever mindful that the United States Court of Appeals for the Seventh Circuit has, time and time again, emphasized that "[t]he plain meaning rule is applicable when the statutory language is clear, unambiguous, and not controlled by other parts of the act or other acts on the same subject." *Smith v. Zachary*, 255 F.3d 446, 448 (7th Cir. 2001); *see, e.g., Welsh v. Boy Scouts of Am.*, 993 F.2d 1267, 1270 (7th Cir. 1993); *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 806-07 (7th Cir. 1988).

While the plain meaning of section 2401(b)'s language suggests that the two requirements be read in the disjunctive, this Court is not free to so hold because of the binding authority of *Miller v. United States*, 741 F.2d 148, 150-51 (7th Cir. 1984). In *Miller*, although the plaintiff satisfied the first section 2401(b) requirement when she presented her claim to the Postal Service within two years of the accrual of her claim, the court clearly stated that she must also meet the second requirement in order to satisfy the statute of limitations. *Id.* The *Miller* court did not provide a rationale as to why section 2401(b) requires a plaintiff to meet both time constraints. Nonetheless, *Miller* establishes that in this circuit, satisfying the former requirement alone is insufficient.

Similar to the plaintiff in *Miller*, Newsome has satisfied the first requirement because she presented her claim to the appropriate agency, the Air Force, within two years of the accrual of her claim. However, although the filing of Newsome's first cause of action back in August 1998 may have satisfied the second requirement, because that cause of action was dismissed, albeit without prejudice, the instant action must satisfy the statute of limitations. *See Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989) ("'Without prejudice' does not mean 'without consequence'. If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations.") The instant action was filed on July 13, 2001, approximately three years and five

5

months after the Air Force denied her claim via certified mail. (*Compare* Government's Reply Br., Ex. B, Letter of 2/10/1998 & Receipt for Certified Mail, *with* Compl. ¶ 7.) Accordingly, Newsome has not satisfied the time constraint imposed by section 2401(b)'s second requirement because the instant action was not filed within six months after the date of mailing via certified mail of the notice of the Air Force's final denial of the claim. Because the six-month time constraint has not been met, her cause of action falls within section 2401(b)'s limitations to the waiver of sovereign immunity provided in 28 U.S.C. § 2674. Accordingly, the government's motion to dismiss the complaint against it must be granted. Because the Court finds that it lacks jurisdiction over Newsome's cause of action against the government, the Court need not address the merits of the government's Rule 12(b)(6) motion.

Moreover, this holding comports with well-established jurisprudence with regard to statutory interpretation. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). If the Court were to read section 2401(b)'s two requirements in the disjunctive, there would be, in effect, no statute of limitations. A plaintiff could wait an unlimited number of years to present her claim to the appropriate agency, and after the agency finally denied it, she could file her cause of action in federal district court within six months of that denial and still satisfy the statute of limitations.[3] It is obvious that a literal reading of section 2401(b) would lead to an

---

[3] The Court notes that 28 U.S.C. § 2675 provides that "failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Thus, whether an agency's failure to deny a claim within six months after it is filed is treated as a constructive denial is dependent on whether the claimant opts to treat it as such.

absurd result, especially in light of the fact that the clear purpose of section 2401(b) is to limit the waiver of sovereign immunity provided in 28 U.S.C. § 2674. In sum, a literal reading would thwart the very purpose of section 2401(b).

## Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court grants the government's motion to dismiss for lack of jurisdiction and denies as moot its motion in the alternative to dismiss for failure to state a claim [doc. no. 7-1]. The United States is hereby terminated as a party.

**SO ORDERED.**　　　　　　　　　ENTER: July 15, 2002

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　HON. RONALD A. GUZMAN
　　　　　　　　　　　　　　　　　**United States Judge**